## SHUTE *against* DAVIS and another.

A declaration may be amended after a plea in abatement; but not by adding the name of another defendant, against whom a separate suit was brought for the same demand.

STRONG, for the plaintiff, moved for leave to amend the *capias* and declaration in this cause, by adding the name of another defendant. After the writ was issued against the present defendants, the plaintiff's attorney discovered that T. D. was a partner with them ; and thereupon issued a writ against him to answer together with the present defendants. The first writ was returnable in January term, and [*337] the other in April term last. In *June, the plaintiff declared against the defendants separately in this suit ; and on the 9th July, against T. D. separately in the other suit. To the declaration in the first suit, there is a plea in abatement, that T. D. ought to have been joined with the present defendants.

*Per Curiam.* There is no doubt that a declaration may, in many cases, be amended, after a plea in abatement. (1 Str. 11. 2 Ld. Raym. 859, 1472. 2 Str. 739.) But here the plaintiff moves to add another defendant, against whom a second suit has been brought for the same demand. If the plaintiff apprehended a plea in abatement, or wished to make

(*b*) See *supra*, 116, n. (*b*) to *Scott* v. *Gibbs ;* Graham's Practice, 2d ed. 564.

the other defendant a party, he ought to have discontinued the first suit, and commenced another action against all the defendants, instead of bringing a new action against the other defendant. The effect of granting this application would be to allow separate suits against each joint debtor, and afterwards to consolidate them into one, or to unite all the defendants in one suit, and discontinue the others. This is not warranted by any former practice, and might lead to inconvenience and vexation. The motion must be denied.

Rule refused.(a)

(a) See *supra*, p. 220, n. (b) 12, 13, to *Bogert* v. *M'Donald*.